# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DYLAN J. ROBERSON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 12-454-RAW-KEW |
| | ) |
| **JERRY CHRISMAN, Interim Warden,** | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, attacks his conviction in Carter County District Court Case No. CF-2009-522B for Trafficking in a Controlled Dangerous Substance (Cocaine Base) (Count I) and Possession of Marijuana (Count II). He sets forth the following grounds for relief:

> I. The Oklahoma Court of Criminal Appeals committed fundamental error by not remanding the case with instructions to dismiss at best, with orders for a new trial, where State's evidence presented at trial failed to satisfy requirements of proof beyond a reasonable doubt, that Petitioner was guilty of constructive possession of 55.5 grms. of cocaine hidden in the closet. The OCCA should have found Petitioner were [sic] denied due process and equal protection of the law.
>
> II. Petitioner's rights to due process was [sic] violated when the trial court erred in instructing the jury on flight. The instruction should not have been given where the defendant neither testified nor explained his departure from the scene.
>
> III. Petitioner failed to receive the effective assistance of counsel guaranteed by the Sixth Amendment.

The respondent concedes that Petitioner has exhausted his state court remedies for the

purpose of federal habeas corpus review. The following records have been submitted to the court for consideration in this matter:

    A.    Petitioner's direct appeal brief.

    B.    The State's brief in Petitioner's direct appeal.

    C.    Summary Opinion affirming Petitioner's judgment and sentence. *Roberson v. Oklahoma*, No. F-2011-15 (Okla. Crim. App. Sept. 2, 2011).

    D.    Transcripts and state court record.

**Timeliness**

As an initial matter, Petitioner has included in his petition a request for the court to extend the one-year statute of limitations for this habeas action. (Dkt. 1 at 13). The petition, however, is timely under 28 U.S.C. § 2244(d). Petitioner's direct appeal was affirmed on September 2, 2011, so his conviction became final on December 1, 2011, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. Petitioner's statutory year began to run on December 2, 2011, and it expired on December 2, 2012. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final). This habeas corpus petition, filed on September 17, 2012, was timely.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Facts**

The Oklahoma Court of Criminal Appeals set forth the facts of the case as follows:

> At 3:16 p.m. on November 23, 2009, Ardmore police officers executed a search warrant at an Ardmore house. As officers approached the house, a man down the road was shouting "Get out" on a cell phone. Sergeant Norris saw a woman standing behind the glass storm door of the house. As he reached the door, he looked through it and saw Roberson and Ricky Murph, Jr. standing at a countertop. As Norris came in, the men ran out the back. Norris chased them through the house and saw Steve Fuller in the back yard. Roberson, Murph, and Fuller ran through a gap in the fence. All three were caught. Roberson had $1,880 in cash. No drugs were found on him, but a baggie with 5.3 grams of marijuana was found within three to five feet of where he was stopped.
>
> The 500-square-foot house, which had a caretaker acting for a deceased owner, had no water service. None of the people present were the caretaker, owned the house, or gave its address as their residence. The cabinets and refrigerator had no food in them. Roberson did not live there. A car in the back yard was registered to an auto sales company in Oklahoma City and contained three envelopes addressed to Roberson. The countertop where Norris saw Roberson held cocaine residue, four small pieces of crack cocaine, a tin with more crack cocaine, a razor blade, glass pipe, and cigars, one of which contained marijuana. The combined weight of this cocaine was less than five grams. A bag hidden in the bedroom closet contained a large quantity of crack cocaine. A baggie on the bed contained 21.8 grams of marijuana. A baggie near the back door held 7 grams of crack cocaine, but police tied this to Murph and it was not attributed to Roberson at trial. The total weight of all the cocaine found was 65.9 grams; the 7 grams was subtracted from this for 58.9 grams attributed by the State to Roberson. Testimony suggested the street value of the crack cocaine found in the house would be over $5,500.

*Roberson v. Oklahoma*, No. F-2011-15, slip op. at 1-2 (Okla. Crim. App. Sept. 2, 2011). The

3

OCCA's factual findings are entitled to a presumption of correctness, unless Petitioner produces clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

**Ground I: Sufficiency of the Evidence**

Petitioner alleges the evidence presented at trial was insufficient to prove he exercised dominion and control over the 55.5 grams of crack cocaine found in the bedroom closet. The respondent asserts the evidence presented at trial was more than sufficient to prove beyond a reasonable doubt that Petitioner constructively possessed the crack cocaine. The Oklahoma Court of Criminal Appeals (OCCA) denied this claim on direct appeal:

> Roberson claims in Proposition I that the State failed to prove the elements of trafficking beyond a reasonable doubt. To sustain a conviction for trafficking the State must show that Roberson knowingly possessed five or more grams of a mixture or substance which contains cocaine base. Okla. Stat. tit. 63, § 2-415(C)(7)(a). Possession may be actual or constructive. *Hill v. State*, 898 P.2d 155, 166 (Okla. Crim. App. 1995). Constructive possession may be proved by circumstantial evidence that a defendant knowingly and willfully shared the right to control a controlled dangerous substance. *White v. State*, 900 P.2d 982, 986 (Okla. Crim. App. 1995). Proximity is not enough; the State must introduce independent facts tending to show the defendant had dominion and control over the drugs. *Jones v. State*, 772 P.2d 922, 926 (Okla. Crim. App. 1989) (citation omitted). A defendant's possession need not be exclusive. *White*, 900 P.2d at 986. Independent facts showing dominion and control include any circumstances from which possession may be fairly inferred. *Carolina v. State*, 839 P.2d 663, 665 (Okla. Crim. App. 1992); *Staples v. State*, 528 P.2d 1131, 1134 (Okla. Crim. App. 1974) (footnote omitted).
>
> Roberson claims the State failed to prove he possessed the 55.5 grams of crack cocaine found in the bedroom closet. The State suggests the seven grams of crack cocaine found outside the back door also can be used to support Roberson's conviction. The prosecutor made clear, during the trial, that he was not attributing those drugs to Roberson. We review this claim based on the allegation that Roberson constructively possessed 55.5 grams of crack cocaine. The house was apparently abandoned. A car with envelopes addressed to Roberson was parked in the back yard. In his recitation of facts supporting his conviction, Roberson neglects to mention that he was at the

> countertop where crack cocaine was being cut. It was a very small house, and only a small quantity of crack and residue was on the counter. The remainder was in the bedroom closet. No evidence showed that any of the other persons in the house had exclusive possession of any part of the house or grounds. Roberson had $1,880 in cash in his pocket when he was stopped, immediately after he fled from the house. That flight may be used as an independent factor establishing Roberson's dominion and control over the crack cocaine found in the house. *Hill*, 898 P.2d at 168. Taking the evidence in the light most favorable to the State, any rational trier of fact could find beyond a reasonable doubt that Roberson constructively possessed the large amount of cocaine found in the house. *Easlick v. State*, 90 P.3d 556, 559 (Okla. Crim. App. 2004).

*Roberson*, slip op. at 3-5 (footnote omitted).

"Sufficiency of the evidence can be considered to be a mixed question of law and fact." *Case v. Mondagon*, 887 F. 2d 1388, 1392 (10th Cir. 1989), *cert. denied*, 494 U.S. 1035 (1990). In federal habeas review of a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The Supreme Court repeatedly has emphasized the deference the reviewing court owes to the trier of fact and "the sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). "To

be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt." *Beachum v. Tansy*, 903 F.2d 1321, 1332 (10th Cir.), *cert. denied*, 498 U.S. 904 (1990) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)).

To determine whether there was sufficient evidence presented at trial to sustain Petitioner's conviction, the court first must look to Oklahoma law for the elements required for the crime. *Jackson*, 443 U.S. at 324 n.16; *see also Torres v. Mullin*, 317 F.3d 1145, 1152 (10th Cir.), *cert. denied*, 540 U.S. 1035 (2003). Under Oklahoma law, the elements of Trafficking in Crack Cocaine are (1) knowingly, (2) possessed, (3) five grams or more of a mixture of a substance which contains cocaine base. Okla. Stat. tit. 63, § 2-415 (Supp. 2007); Instruction No. 6-13, OUJI-CR (2d) (2010) (Dkt. 8-5).

After careful review, the court finds the evidence was sufficient under the standard of *Jackson v. Virginia*. The record shows that Petitioner and Ricky Murph Jr. were seen in the kitchen bar area of the small house where crack cocaine was being cut, and they fled through the back door when police arrived. (Tr. 86-87, 94, 97). The total net weight of the cocaine base found in the house was 65.9 grams, with 58.9 grams of the substance found in the bedroom and attributed to Petitioner. (Tr. 174-75). When he was caught after a brief foot chase, Petitioner had more than $1,800 in cash in his possession, and a baggie of marijuana was found near the place he was arrested. (Tr. 107, 139-40). Petitioner's codefendant Ricky Murph Jr. was found hiding in a bathtub in a newly-constructed duplex with more than $400 in his possession. (Tr. 107).

Under Oklahoma law, when two people occupy a space where drugs are found, possession of those drugs cannot automatically be presumed. *White*, 900 P.2d at 986.

6

"However, joint possession can be proven by circumstantial evidence of dominion and control over the thing possessed. Moreover, possession may be either actual or constructive, and need not be exclusive as long as there is proof that the defendant knowingly and willfully shared the right to control the dangerous substance." *Id.* (internal quotations and footnotes omitted).

Here, the court finds the jury reasonably concluded that Petitioner had constructive possession of the crack cocaine found in the bedroom. Thus, the OCCA's decision on this issue was not contrary to, or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). Furthermore, the OCCA's determination of this claim was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(2). This ground for habeas corpus relief fails.

**Ground II: Flight Instruction**

Petitioner next claims he was denied due process when the trial court erroneously gave an instruction on flight in Instruction No. 9-8, OUJI-CR (2d) (2009), because he did not testify or explain his departure from the crime scene. On direct appeal the OCCA found the instruction was improper, but denied relief. *Roberson*, slip op. at 6.

> Roberson argues in Proposition III that the trial court erred in instructing the jury on flight. Roberson did not object to this instruction and we review for plain error. Because the flight instruction assumes guilt, it should not be given unless one defendant explains or controverts evidence of flight. Roberson neither testified nor explained his departure from the scene, and the flight instruction should not have been given. *Hancock v. State*, 155 P.3d 796, 820 (Okla. Crim. App. 2007); *Jones v. State*, 128 P.3d 521, 539 (Okla. Crim. App. 2006); *Mitchell v. State*, 876 P.2d 682, 684-85 (Okla. Crim. App. 1993). The State admits the error. This error is subject to harmless error analysis. *Dawkins v. State*, 252 P.3d 214, 219 (Okla. Crim. App. 2011).
>
> Under the circumstances of this case, the error does not require relief.

7

> During deliberations, jurors sent a note regarding the flight instruction: "Instruction 16, paragraph three, the defendant to my knowledge has offered no explanation. We, the jury, would like to know if there is any testimony we are unaware of." The trial court responded, without objection, that jurors had heard all the testimony and were to disregard paragraph three of the instruction. Paragraph three of Instruction 16 tells jurors that the defendant offered evidence explaining his actions, and instructs them to consider his claim in determining if flight occurred. OUJI-CR (2d) 806. Discussing his response to the jury's question on the record, the trial court stated the flight instruction was mandatory, without optional language, and apparently believed it was required where evidence of flight was presented. Roberson correctly argues that this did not cure the erroneous instruction. However, strong circumstantial evidence connected Roberson to the large quantity of drugs found in the house from which he fled. Jurors could use the flight itself as an independent factor in determining Roberson's guilt. The record does not support a conclusion that the erroneous flight instruction "could have changed in any way the jury's fundamental determination of guilt." *Dawkins*, 252 P.3d at 219.

*Roberson*, slip op. at 6-7.

The respondent asserts this is an issue of state law which is not cognizable in federal habeas corpus.

> In a habeas corpus proceeding attacking a state court judgment based on an erroneous jury instruction, a petitioner has a great burden. *Lujan v. Tansy*, 2 F. 3d 1031, 1035 (10th Cir. 1993), *cert. denied*, 510 U.S. 1120 (1994). A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial. *Shafer v. Stratton*, 906 F.2d 506, 508 (10th Cir. 1990), *cert. denied*, 498 U.S. 961 (1990). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (footnote omitted). The question in this proceeding is not whether the instruction is "undesirable, erroneous, or even 'universally condemned,'" but whether the instruction so infected the trial that the resulting conviction violates due process. *Id.* (quoting *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)).

*Maes v. Thomas*, 46 F. 3d 979, 984 (10th Cir.), *cert. denied*, 514 U.S. 1115 (1995).

The evidence at trial showed that Officer Norris, who knew Petitioner, spotted him and Murph at the kitchen bar of the house where trafficking quantities of crack cocaine later were found in the bedroom and by the back door. A razor to cut the crack cocaine was on the kitchen bar. Petitioner and Murph fled from the police and ran out the back door when they saw Norris at the front door. Both men were apprehended after a foot chase by police. (Tr. 85-107; 136-38; 161-63).

Upon review, the court finds the flight instruction did not deny Petitioner a fundamentally fair trial. *See Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997), *cert. denied*, 525 U.S. 852 (1998)(holding that improper flight instruction did not violate the petitioner's constitutional rights). *Robinson v. Gibson*, 35 Fed. Appx. 715, 721-22, 2002 WL 13158, at *5-*6 (10th Cir. 2002) (unpublished), *cert. denied*, 537 U.S. 2003) (holding that flight instruction given in violation of Oklahoma law did not deny the petitioner due process or fundamentally fair trial); *Phillips v. Williams*, No. CIV-08-1248-M, 2010 WL 152139, at *9 (W.D. Okla. Jan. 13, 2010) (unpublished) (holding that flight instruction did not create a presumption of guilt and did not render the petitioner's trial fundamentally unfair). The court further finds the OCCA's decision about Petitioner's jury instructions was not contrary to or an unreasonable application of federal law. 28 U.S.C. § 2254(d)(1). This ground for habeas relief also fails.

**Ground III: Ineffective Assistance of Counsel**

Finally, Petitioner alleges his trial counsel was ineffective in failing to make any objections at trial, resulting in improper and inadmissible evidence being introduced. He specifically complains about admission of the details of his prior convictions and sentences

9

during the second stage and closing arguments, in addition to the flight instruction. The OCCA found no merit in this claim:

> . . . Roberson must show both that counsel's performance was deficient and that he was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Roberson must show counsel's acts or omissions were so serious he was deprived of a fair trial with reliable results. *Harrington v. Richter*, 131 S.Ct. 770, 787-88 (2011). We review counsel's performance against an objective standard of reasonableness under prevailing professional norms, and we will not second-guess strategic decisions. *Harris v. State*, 164 P.3d 1102, 1114-15; *Rompilla v. Beard*, 545 U.S. 374, 380-81 (2005). If Roberson fails to show he was prejudiced by counsel's acts or omissions, we need not reach his claims of deficient performance. *Williams v. Taylor*, 529 U.S. 362, 393 (2000); *Strickland*, 466 U.S. at 697.
>
> Roberson argues that counsel failed to object to any testimony or argument during his trial. He specifically claims counsel should have objected to the details of his prior convictions. We found in Proposition II that the erroneous admission of these details did not affect the jury's sentencing recommendation on Count I, which had a mandatory life without parole sentence, or on Count II. Roberson also argues that counsel should have objected to the flight instruction. We found in Proposition III that the erroneous instruction was harmless. Roberson cannot show he was prejudiced by these omissions. Where there is no prejudice, we will not find counsel ineffective.

*Roberson*, slip op. at 7-8.

"There is a strong presumption that counsel provided effective assistance of counsel and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel:

> . . . First, the defendant must show that counsel's performance was

deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. . . .

*Strickland*, 466 U.S. at 687. The Supreme Court has since expanded the application of *Strickland* in habeas corpus proceedings:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. . . . For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (emphasis in original).

Here, the court finds the record establishes that defense counsel's performance was not ineffective, and counsel's conduct did not result in a trial that "cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Petitioner has failed to demonstrate that the results of the trial would have been different if defense counsel had objected to admission of the details of his prior convictions and sentences during the second stage and closing arguments, because Petitioner faced a mandatory sentence of life without parole for drug trafficking. Furthermore, the OCCA found the error in giving the flight instruction was harmless, and Petitioner has failed to show how he was prejudiced by counsel's failure to object to the instruction. The court further finds that the OCCA's decision on this claim was consistent with federal law. *See* 28 U.S.C. § 2254(d)(1). This habeas claim has no merit.

**Certificate of Appealability**

The court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not "demonstrate[d] that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, Petitioner should be denied a certificate of appealability.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed, and that Petitioner be denied a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 3rd day of February 2016.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**